lookout, who was standing on the forecastle by the windlass, to do this. Instead of doing so, he, in the excitement of the moment, decided to attend to the matter himself. So he rushed from the bridge, passed the captain's room directly below, stopped to tell him and the pilot that a city of lights was upon them, then rushed down on the deck and ran 110 feet, climbed up the forecastle, and released the brake.

There was in this undoubtedly lost motion and lost time. Whether or not it was a mere error of judgment or negligence, is the question. In my judgment, it was negligence. The officer knew the importance of time. If the lookout was deemed incompetent promptly to obey the proper order, then he should never have been stationed there, for, in a fog, the possibility of having to release the brake quickly was clear to all. But whether this negligence actually contributed to the collision is, at the best, doubtful. The burden is on the cross-libelant to establish that it did. I am not satisfied on this record, in view of the Adriatic's own officer's testimony, that the lost time was sufficient to have enabled the St. Michael, through the prompter release of the brake, to have cleared the approaching Adriatic.

In these circumstances, there can be no recovery on either the libel or the cross-libel.

---

### THE ADRIATIC.

### THE ST. MICHAEL.

(Circuit Court of Appeals, Second Circuit. December 22, 1922.)

No. 124.

Appeals from the District Court of the United States for the Southern District of New York.

Cross-libels in admiralty by the Saint Line, Limited, against the steamship Adriatic, of which the Oceanic Steam Navigation Company, Limited, was claimant, and by the Oceanic Steam Navigation Company, Limited, against the steamship St. Michael, of which the Saint Line, Limited, was claimant, to recover damages for a collision in a dense fog between anchored vessels. From a decree denying recovery on either original or cross-libel (287 Fed. 257), the Saint Line, Limited, appeals. Affirmed.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (W. H. McGrann, of New York City, of counsel), for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and J. Harvey Turnure, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. Decree affirmed.